sincerity with which he entertained them. But, as we have noted, it was not lack of sincerity that formed the basis for the local board's action. The appeal board had before it an inquiry resume containing much material bearing on the question of sincerity. While this material provided basis in fact for a determination of lack of sincerity, it also provided sufficient support for appellant's views to establish a prima facie claim. Among other matters reported, a student acquaintance of appellant stated that appellant's concern for living creatures and his aversion to killing was of long standing, was deepseated and was extreme to the point of idiosyncrasy.

We conclude that on the authority of United States v. Atherton, *supra*, and United States v. Haughton, *supra*, judgment must be reversed. It is so ordered.

Donald P. Dietrich, (Court-appointed) Orlando, Fla., for defendant-appellant; Richard Allen Cheshire, in pro. per.

John L. Briggs, U. S. Atty., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

### UNITED STATES of America, Plaintiff-Appellee,

v.

### Richard Allen CHESHIRE, Defendant-Appellant.

No. 28700

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1970.

### Nicholas CAPPETTA, Petitioner-Appellant,

v.

### Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 29628

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.